UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BERNARD J. BAGERT, JR.                    CIVIL ACTION

VERSUS                                    NO.  07-24

WILLIAM J. BRAVENDER, JR.,                SECTION "R"(5)
BILL BRAVENDER INSURANCE
AGENCY, INC. AND ALLSTATE
INSURANCE COMPANY

## ORDER AND REASONS

Before the Court is the motion of plaintiff Bernard Bagert to remand this action to state court.  For the following reasons, the Court GRANTS the motion to remand.

## I.   BACKGROUND

Plaintiff sued Allstate Insurance Company, his homeowner's insurer, and his insurance agent, William Bravender, in Louisiana state court on claims relating to his insurance coverage. Allstate's citizenship is diverse from plaintiff, but Bravender, like plaintiff, is a citizen of Louisiana.  The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v.*

*Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).
Allstate removed this case to federal court on the ground that
federal diversity jurisdiction exists because the nondiverse
insurance agent was joined improperly.  Pretermitting the
procedural propriety of defendants' removal, the Court finds that
improper joinder does not provide jurisdiction in this matter.


## II.  LEGAL STANDARDS

### A.  Applying Louisiana Law

When jurisdiction is based on diversity, Louisiana law
applies to the substantive issues before the Court.  *Erie R.R.*
*Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the
sources of law are legislation and custom.  *Shaw Constructors v.*
*ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004).
These authoritative or primary sources of law are to be
"contrasted with persuasive or secondary sources of law, such as
[Louisiana and other civil law] jurisprudence, doctrine,
conventional usages, and equity, that may guide the court in
reaching a decision in the absence of legislation and custom."
*Id.* (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must
begin every legal analysis by examining primary sources of law:
the State's Constitution, codes, and statutes."  *Id.* (*quoting*
*Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d

2

169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue
of Louisiana law, the Court must "employ the appropriate
Louisiana methodology" to decide the issue the way that it
believes the Supreme Court of Louisiana would decide it.  *Id.*
(*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d
192, 197 (5th Cir. 2003)).

   **B.   Removal**

   A defendant may generally remove a civil action filed in
state court if the federal court has original jurisdiction over
the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears
the burden of showing that federal jurisdiction exists.  *See
Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
In assessing whether removal was appropriate, the Court is guided
by the principle, grounded in notions of comity and the
recognition that federal courts are courts of limited
jurisdiction, that removal statutes should be strictly construed.
*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d
720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL
419901, at *2 (E.D. La. 1995).  Though the Court must remand the
case to state court if at any time before final judgment it
appears that it lacks subject matter jurisdiction, the Court's
jurisdiction is fixed as of the time of removal.  28 U.S.C. §
1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.

1996).

**C.   Improper Joinder**

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id*.  Improper joinder may be established by showing the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1]  *Ross v. Citifinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003).  In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant.  *Id*. at 462-63.  The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant.  *Id*. *(citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002)).  This means that there

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder."  *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005).  However, the term "fraudulent joinder" is still used in many Fifth Circuit cases.

must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id.*

## III. DISCUSSION

Allstate asserts that there is no arguably reasonable basis to predict that a Louisiana court would hold Bravender liable in this matter, so that his citizenship should be disregarded in the Court's jurisdictional analysis. Allstate posits that plaintiff has not stated a claim against Bravender, or if he did, the claim

is perempted.  The Court finds that Allstate has not established improper joinder as to Bravender.

Plaintiff's petition asserts that Bravender misrepresented to plaintiff the coverage provided by certain provisions in his policy and failed to provide him with a copy of these provisions. Specifically, plaintiff contends that Bravender incorrectly informed him that the Hurricane Endorsement in his policy covered all losses associated with a hurricane, including flood.  (R. Doc. 1-2, at ¶ VII).  Relying on this information, plaintiff asserts that he decided not to procure additional flood insurance. (*Id.*).  It is well established that Louisiana recognizes actions for negligent misrepresentation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation.  *Abbott v. Equity Grp., Inc.,* 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So. 2d 106, 123 (La. Ct. App. 2005). Construing the allegations in plaintiff's petition in his favor, the Court finds there is an arguably reasonable basis for predicting that state law might impose liability upon Bravender for negligent misrepresentations in connection with plaintiff's Hurricane Endorsement.

Allstate next argues that plaintiff's claims against Bravender arising from misrepresentations as to the Hurricane Endorsement are perempted under La. Rev. Stat. § 9:5606.  The statute provides as follows:

> No action for damages against any insurance agent . . .
> whether based upon tort, or breach of contract, or
> otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed . . .
> within one year from the date of the alleged act,
> omission, or neglect, or within one year from the date
> that the alleged act, omission, or neglect is
> discovered or should have been discovered. However,
> even as to actions filed within one year from the date
> of such discovery, in all events such actions shall be
> filed at the latest within three years from the date of
> the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.  Allstate contends that plaintiff's claims are perempted under the three-year bar because plaintiff's policy was initially issued in February 1996, and the Hurricane Endorsement was added to the policy in February 1998, more than eight years before plaintiff filed suit in August 2006.  (R. Docs. 8-2, 12).  This evidence however does not conclusively demonstrate that plaintiff's claims are perempted in light of the affidavit submitted by plaintiff in which he avers that Bravender informed him in January 2005 that the Hurricane Endorsement covered flood losses but did not provide him with a copy of the endorsement until after Hurricane Katrina struck.  (R. Doc. 6-4). Rather, the competing affidavits merely create a factual dispute

7

to be resolved in plaintiff's favor.  See *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) (when determining improper joinder, district courts are to "resolve all disputed questions of fact in favor of the plaintiff").  Thus, because plaintiff has presented evidence that he filed this lawsuit within one year of discovering the language contained in the Hurricane Endorsement and within three years of Bravender's alleged misrepresentations, plaintiff's claims against his agent may not be perempted under Louisiana law.  As such, the Court cannot conclude that there is no reasonable possibility of recovery against Bravender on that basis.  Bravender is therefore not improperly joined, and the Court lacks diversity jurisdiction over this matter.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand because it lacks subject matter jurisdiction over this case.

New Orleans, Louisiana, this <u>27th</u> day of March, 2007.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE